UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW ROBERT ELMORE,

Plaintiff,

v. Case No. 8:26-cv-1342-MSS-CPT

INTERNAL REVENUE SERVICE,

Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**

Before me on referral is pro se Plaintiff Matthew Robert Elmore's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion). Also before me is Elmore's complaint against Defendant Internal Revenue Service (IRS). (Doc. 1). For the reasons discussed below, I respectfully recommend that Elmore's IFP Motion be denied without prejudice and that his complaint be dismissed with leave to amend.

I.

The nature of this case is difficult to discern due to the scant factual allegations contained in Elmore's complaint. (Doc. 1). Construing that pleading liberally, Elmore appears to aver that he has received copies of his "[t]ax [t]ranscripts" on only three occasions and only when he "sue[s]" and that he would like "[t]o obtain all [his] tax

[t]ranscripts in all of [his] names[.]" (Doc. 1 at 3–4). In support of his claim of indigency, Elmore states that he is "homeless," that he has no assets or income, and that he pays $290 per month for food. (Doc. 2).

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence "that the litigant is 'absolutely destitute,'" it must establish that the litigant, because of his poverty, is unable to pay the court fees and costs and to "provide necessities for himself and his dependents." *Id.* at 1307 (citation omitted). In assessing whether a litigant is indigent, "courts will generally look to whether [he] is employed, [his] annual salary, and any other property or assets [he] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, the district court must also review and dismiss a plaintiff's complaint sua sponte if it determines the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure direct that a court must dismiss a complaint "[i]f the court determines at any time that it lacks subject[ ]matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted).

In evaluating a complaint under this framework, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See Jara v. Núñez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, although pro se pleadings are to be construed liberally, courts are not to "act as de facto counsel" for unrepresented litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

Irrespective of whether Elmore may proceed with this action without paying the filing fee, his complaint is fatally flawed because, at a minimum, he does not establish that the Court has subject matter jurisdiction over this action and does not abide by

the strictures of Federal Rules of Civil Procedure 8 and 10. Each of these infirmities will be addressed in turn.

A.

It is well settled that "[f]ederal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citation omitted); *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 174–78 (1803) (discussing the jurisdictional limitations of federal courts under Article III of the United States Constitution). In practice, a federal court's subject matter jurisdiction is most often found "arising under" the laws of the United States pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction) or based upon the "diversity" of the parties under 28 U.S.C. § 1332 (i.e., diversity jurisdiction). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332); *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam)[1] (same).

Federal question jurisdiction exists "where a case presents a federal question on the face of the plaintiff's well-pleaded complaint." *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1299 (M.D. Fla. 2018) (citing *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011)). Diversity jurisdiction, on the other hand, is present when there is complete diversity of citizenship among the parties (i.e., that no plaintiff is a citizen of the same state as any defendant), and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Underwriters*

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

*at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000[.]") (citations omitted).

Regardless of whether a plaintiff seeks to invoke a court's federal question or diversity jurisdiction, he must include in his complaint a short and plain statement alleging enough facts that, if taken as true, show that the court has subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 8(a)(1); *see also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013) (citation omitted). "The burden for establishing federal subject matter jurisdiction rests with the [plaintiff]." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Elmore does not meet his burden here. Although he states that he is proceeding under the Court's federal question jurisdiction, nowhere in his complaint does he cite a federal statute or a provision of the United States Constitution upon which his case against the IRS is purportedly predicated. *See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010) (rejecting the plaintiff's assertion that the court had federal question jurisdiction where the plaintiff's complaint was "devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law"). This deficiency alone subjects Elmore's complaint to dismissal.[2]

---

[2] Elmore does not seek to invoke the Court's diversity jurisdiction, nor could he. *See Lett v. Dep't of Treasury*, 2022 WL 18396430, at *2 (M.D. Ala. Oct. 13, 2022) (observing that a court cannot have diversity jurisdiction in an action against a federal agency or instrumentality because "[t]he federal

B.

In addition to being jurisdictionally infirm, Elmore's complaint does not meet the pleading standards outlined in Rules 8 and 10. Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in his complaint." *McCurry v. Metro. Life Ins.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). It mandates, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly directs that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "[i]f doing so would promote clarity," that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so] that the court can determine which facts support which claims and whether the [pleader] has stated any claims upon which relief can be granted[.]" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Elmore's bare-bones complaint does not satisfy these pleading requirements here. As discussed above, it contains a paucity of factual allegations that are devoid of any meaningful details. (Doc. 1). It also does not reference a single statute or law that the IRS has supposedly violated. *See Ashcroft*, 556 U.S. at 678–79 ("Rule

---

government is not a citizen of any state"), *report and recommendation adopted,* 2022 WL 17884453 (M.D. Ala. Dec. 23, 2022).

8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal quotation marks and citation omitted); *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) ("Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader.") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). The fact that Elmore is proceeding pro se does not relieve him of the obligation to adhere to the dictates of Rules 8 and 10. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (footnote omitted); *Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) (per curiam) ("Although pro se complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings."); *Simpson v. Recksiedler*, 2025 WL 959158, at *6 n.8 (M.D. Fla. Mar. 31, 2025) (stating that a pro se plaintiff must "ensure that [her] . . . complaint . . . complie[d] with all applicable pleading requirements and procedural rules") (quotation marks and internal citation omitted) (citing *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam)).

IV.

Notwithstanding the above jurisdictional and pleading issues, I respectfully submit that the Court should dismiss Elmore's complaint without prejudice and with leave to amend so that he can attempt to correct these problems. *See Emrit v. Sec'y,*

*U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) (recognizing that plaintiffs must ordinarily be given at least one chance to amend their complaints to state a claim, unless amendment would be futile) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). If Elmore elects to file a revised complaint, however, I encourage him to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so. Elmore may obtain advice, for instance, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit free, limited guidance from attorneys on the procedures governing federal cases. To participate in this program, pro se litigants may schedule in-person or virtual appointments by calling the Clerk's Office at (813) 301-5400 or by visiting the Clerk's Office check-in window.[3] Appointments are available on Tuesdays between 1:00 p.m. and 2:30 p.m. Walk-ins are accepted as time allows as well. A brochure with more information about the program is available on the Court's website, which can be found at www.flmd.uscourts.gov/legal-information-program.

In addition to the "Legal Information Program," Elmore may review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide for Proceeding Without a Lawyer." The Court's website also

[3] The Clerk's Office is located on the Second Floor of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

contains helpful links to the Federal Rules of Civil Procedure, along with various forms for parties in federal lawsuits to use.

V.

Based upon the foregoing, I respectfully recommend that the Court:

1. Deny Elmore's IFP Motion (Doc. 2) and direct that no later than thirty (30) days from the date of the Court's Order, Elmore either pay the filing fee or fully complete and file a new IFP Motion, utilizing the "Long Form" application available on the Court's website at https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees.

2. Dismiss Elmore's complaint (Doc. 1) without prejudice.

3. Grant Elmore permission to file, within thirty (30) days of the Court's Order, an amended complaint establishing the Court's jurisdiction over the action and setting forth one or more cognizable cause(s) of action that conform to the pleading requirements of the Federal Rules of Civil Procedure.

4. Caution Elmore that the failure to follow these directives may result in a dismissal of his action without further notice.

Respectfully submitted this 3rd day of September 2026.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Mary S. Scriven, United States District Judge
Pro se Plaintiff