**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATTHEW ROBERT ELMORE,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-01342-MSS-CPT**

**INTERNAL REVENUE SERVICE,**

**Defendant.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of United States Magistrate Christopher P. Tuite's Report and Recommendation dated September 3, 2026 (the "Report"), which recommended that Plaintiff's Complaint, (Dkt. 1), be dismissed without prejudice, and that Plaintiff's Application to Proceed in District Court Without PrePaying Fees or Costs, (Dkt. 2), be denied without prejudice. (Dkt. 5 at 9) Plaintiff has not filed an objection to the Report, and the deadline for doing so has passed. As explained below, the Report is due to be **ADOPTED**.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report, in conjunction with an independent examination of the file, the Court concludes that the Report should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 5), is **CONFIRMED** and **ADOPTED** as part of this Order.
2. This action is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff's Application to Proceed in District Court Without PrePaying Fees or Costs, (Dkt. 2), is **DENIED WITHOUT PREJUDICE**.
4. Within **thirty (30) days** of the date of this Order, Plaintiff is **DIRECTED** to: (1) pay the filing fee or file a renewed motion to proceed without prepaying the filing fee; and (2) file an amended complaint that cures the defects

identified in the Report and Recommendation if Plaintiff has a legal and factual basis for each claim sufficient to plead it in compliance with Federal Rule of Civil Procedure 11.[1] This case may be dismissed with prejudice and without further notice if Plaintiff does not timely and fully comply with the deadline set in this Order.

5. The amended complaint shall: (i) "include a factual background section that sets forth specific, non-conclusory factual allegations that pertain directly and solely to this case and suggest support for the required elements of each claim for relief," (ii) "list each cause of action in a separate count," (iii) "identify specific factual allegations and acts by each defendant that support each cause of action against that particular defendant within each count," and (iv) "specifically identify each defendant against whom a cause of action is brought and the basis of liability against each defendant within each count." Cole v. Collection Apartments, No. 1:19-CV-2987-MLB-JKL, 2019 WL 11343334, at *1 (N.D. Ga. Sept. 11, 2019), adopted by 2019 WL 11343332 (N.D. Ga. Dec. 27, 2019).

[1] The Court notes that in a different case Plaintiff filed against a different defendant the Undersigned found Plaintiff to be a vexatious litigant and, as a result, placed guardrails on his prosecution of litigation in the Middle District of Florida. See Elmore v. Robert W. Saunders, Sr. Public Library, No. 8:26-cv-1634, Dkt. 5 (M.D. Fla. July 13, 2026). The Court cautions Plaintiff that bad faith prosecution of empty claims may present a basis for the imposition of sanctions. See Pelletier v. Zweifel, 921 F.2d 1465, 1469 (11th Cir. 1991) ("Rule 11 of the Federal Rules of Civil Procedure requires district courts to sanction attorneys and the parties they are representing when they prosecute baseless claims") (footnote omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

6. Because Plaintiff is currently proceeding without a lawyer, the undersigned directs Plaintiff's attention to the Court's webpage, "Litigants without lawyers," https://www.flmd.uscourts.gov/litigants-without-lawyers. In this webpage Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case.

7. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of September 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person